## Case No. 12,170.

### The RUSSIA.

[5 Ben. 84.] [1]

District Court, S. D. New York. April, 1871.

MARSHAL'S COSTS — PAYMENT OF A DECREE IS A SETTLEMENT.

A libel having been filed against a steamer, she was seized under process issued on it, and was discharged from that arrest on a stipulation for value having been given. Subsequently a final decree was rendered against her for $148,700, and that sum was paid into the registry of the court by the claimants, without an execution having been issued or a sale of property having taken place. Thereupon, the marshal by whom the original process was served, but who had, in the meantime, gone out of office, presented to the clerk for taxation a bill for his commissions on the $148,700, under the fee bill of February 26th, 1853 (10 Stat. 161), as on a settlement of the case. The clerk declined to tax the bill, and the marshal appealed: *Held*, that the payment of the money under the decree was a settlement of the claim by the parties, within the language of the fee bill, and that the marshal was entitled to the commission. The case of Bone v. The Norma [Case No. 1,626], criticised.

[Cited in The City of Washington, Case No. 2,772; The Clintonia, 11 Fed. 741; The Scottish Dale, 65 Fed. 811.]

In admiralty.

F. C. Barlow, pro se.
D. D. Lord, for claimants.

BLATCHFORD, District Judge. In this case, after a final decree for the libellant, for the sum of $148,700, that sum was paid into

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the registry of the court by the claimants, without an execution having been issued, and without a sale of any property having taken place under the decree. The present marshal of the United States for this district was not marshal thereof when the attachment on the filing of the libel was issued. Such attachment was issued to and served by Francis C. Barlow, Esquire, who was at the time marshal of this district. The vessel was almost immediately discharged from seizure and from the custody of Mr. Barlow, as marshal, by having been bonded under a stipulation for value, before decree. On this state of facts, Mr. Barlow presented for taxation to the clerk, as a charge against the claimants, a bill for commissions as due to him on the $148,700, amounting to $746, being one per cent. on the first $500 of the decree, and one-half of one per cent. on the excess over $500, namely, on $148,200. The clerk declined to tax the item, on the ground that, as the vessel had been discharged from the custody of the marshal prior to the entry of the decree, and as the decree had been paid by the claimants, the commissions could not be allowed to Mr. Barlow. From this decision Mr. Barlow has appealed to this court. It is stated that the present marshal, who was marshal when the decree was entered and paid, makes no claim for any commissions on the amount paid thereunder.

The claim of Mr. Barlow is made under the provisions of the fee bill of February 26, 1853 (10 Stat. 161), which provides (section 1) as follows, in respect to "marshal's fees:" "For serving an attachment in rem, or a libel in admiralty, two dollars; and the necessary expenses of keeping boats, vessels or other property attached or libelled in admiralty, not exceeding two dollars and fifty cents per day; and, in case the debt or claim shall be settled by the parties without a sale of the property, the marshal shall be entitled to a commission of one per cent. on the first five hundred dollars of the claim or decree, and one-half of one per cent. on the excess over five hundred dollars: provided, that, in case the value of the property shall be less than the claim, then, and in such case, such commission shall be allowed only on the appraised value thereof." The same section contains, also, the following provision, under the head of "Marshal's Fees:" "For sales of vessels or other property, under process in admiralty, or under the order of a court of admiralty, and for receiving and paying the money, for any sum under five hundred dollars, two and one-half per centum; for any larger sum, one and one-quarter per centum upon the excess."

The only case to which I have been referred on this subject is that of Bone v. The Norma [Case No. 1,626]. In that case the claim was settled without a sale of the property libelled, and before any claimant thereof appeared in court. The marshal claimed the commission here insisted on. The court (Mc-

Caleb, J.), admitted that the language of the act of 1853, in the passage in question, was not free from difficulty, but denied the claim of the marshal, on the ground that to allow it would be to give him a gratuitous compensation for services not actually rendered. It adds: "The law, I think, contemplated the presence of both the parties litigant in court, and the whole progress of the litigation short of the sale under the final decree; or it contemplated the possession of the property by the marshal, and the usual proceedings by advertisement, &c., under an interlocutory order of sale, without the sale itself. It intended to provide an adequate compensation to the marshal for the trouble and responsibility he assumes up to the moment of sale, and to put it out of the power of litigants to deprive him of such compensation for the trouble and responsibility thus assumed, by a compromise or settlement before a sale under a final decree, or a sale under an interlocutory order of court. This, in my judgment, is the only fair and rational interpretation to be given to the provision of the act of congress referred to."

It seems to me that the construction put by Judge McCaleb upon the statute is a strained one. I see no ground for holding that the words "the parties," in respect to a suit in rem, require that there should be a party personally in court as a claimant, aside from the acquiring of jurisdiction by the court, by the service of proper process, or that a party must come into court as a claimant, to litigate, to make him a party settling the debt or claim, within the act. In a suit in rem, the party who settles the debt or claim, without a sale of the property, in order to relieve the property seized, on the stipulation for value, is one of "the parties" within the act, although he files no formal claim to the property. Nor do I see anything in the statute to warrant the view that there must be the whole progress of the litigation short of a sale under a final decree, or possession of the property by the marshal under an order of sale, and steps by him towards a sale, but not followed by a sale. The commission is to be computed on the amount of "the claim or decree," thus making the statute applicable to a settlement either before or after a decree, but without a sale. The words "without a sale" are as applicable to a settlement before decree as to one after, and, in respect to a settlement before a decree, cannot require that there should be the whole progress of the litigation short of a sale. A settlement "without a sale" means a settlement at any time, in the absence of a sale. In case of a sale under process in admiralty, or under the order of a court of admiralty, special compensation by way of commission is given, in the passage before cited from the act. By the clause now under consideration, a fee is given for serving an attachment in rem, or a libel in admiralty, and then the necessary expenses of keeping property attached or libelled in admiralty are provided for, and

then a commission to the marshal, that is, to the marshal who attached or libelled the property, is prescribed, in case the debt or claim is settled by the parties without a sale of the property, such commission to be computed on the amount of the claim or decree. In case there is a sale, the commissions therefor, which are at a different rate, go to the marshal to whom the process or order for a sale belongs for execution, and who makes the sale, and no commission is allowed under the clause relating to a settlement without a sale. It seems to me the language of the statute is too plain for any other construction.

A payment of the amount awarded by a decree is a settlement, within the statute. The commission is allowed, in case of a decree, to be computed on the amount of the decree. Therefore, a settlement cannot be limited merely to an arrangement or compromise before decree.

Nor does the fact that the property is discharged from custody on a stipulation for value make any difference. If the legislature had intended that the commission should be given only when the property continued in the custody of the marshal until the settlement, it would have been easy to so declare. But such a provision would have been easily evaded, by bonding the property, after the trouble of custody had all of it been undergone, and on the very eve of making a settlement.

A case of the collection of the amount of a decree, or stipulation, by execution against the stipulators, would come under another provision of the act of 1853, which gives to a marshal, for serving a writ of execution, mileage, and for making the service, seizing or levying on property, advertising and disposing of the same by sale, set-off, or otherwise, according to law, and receiving and paying over the money, the same fees and poundage as are or shall be allowed for similar services to the state sheriff. Such a collection by execution could not be called a settlement by the parties of the debt or claim without a sale of the property seized on the original attachment, so as to make it possible that a party should be subjected to a double charge, one for the commissions, and one for the fees and poundage.

The decision of the clerk on the taxation must be reversed.