## Case No. 2,772.

### The CITY OF WASHINGTON.

[13 Blatchf. 410.][1]

Circuit Court, E. D. New York. June 13, 1876.

MARSHAL'S FEES—SETTLEMENT OF CLAIM.

1. Under section 829 of the Revised Statutes, which provides, that, "when the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission," the marshal is entitled to such commission, in a suit in rem, against a vessel, if process is issued, and a bond to the marshal is given under the act of March 3, 1847 (9 Stat. 181), (now section 941 of the Revised Statutes), although the service of the process is waived and the vessel is not actually seized under the process.

[Cited in The Acadia, Case No. 23; The Clintonia. 11 Fed. 741; Smith v. The Morgan City, 39 Fed. 572.]

2. Under said section 829, where the amount of a final decree is paid before execution, the debt or claim is "settled."

[Cited in Robinson v. Fifteen Thousand Five Hundred and Sixteen Bags of Sugar, 35 Fed. 603.]

In admiralty.

─────────────

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

John J. Allen, for marshal.
Platt & Gerard, for claimants.

BENEDICT, District Judge. This is an appeal from the clerk's taxation of the marshal's costs. It appears that a libel was filed against the City of Washington, and process in rem issued against that vessel, on April 3d. On April 4th, before the process was served, service of the process was waived, and the claimants gave a bond, under the provisions of the act of March 3, 1847 (9 Stat. 181). Such bond was given and filed on April 4th. Thereafter the case proceeded to a final decree, the amount of which having been paid. the marshal now claims his commission thereon, according to the provisions of section 829 of the Revised Statutes, which provides, that, "when the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission." To this it is objected, that there can be no allowance to the marshal, because he made no seizure of the vessel.

The provision of the statute which gives to the marshal a commission is applicable to all cases where the debt is settled by the parties without a sale. There are no other terms of limitation. Nevertheless, I cannot think it was intended to apply where no service is performed, or responsibility assumed, by the marshal. If, therefore, this were a case where process against the vessel had never been issued, and a stipulation for value had been given under the rules, I should have little hesitation in determining that the marshal would not be entitled to his commission, upon the ground that, in such a case, the marshal would perform no service and incur no responsibility, to afford foundation for a claim to compensation. But, in this case, process was issued, and thereafter a bond to the marshal was given, in which it is recited that the marshal has possession of the vessel. The recital is inaccurate, as the marshal never in fact had possession of the vessel. The statute makes it the duty of the marshal to stay the execution of the process upon receiving the statutory bond. and compels him to receive a bond when tendered in pursuance of the act, in lieu of a seizure of the vessel; which bond he is to return to the court. Where such a bond is given, the marshal must, therefore, exercise some judgment, and he is compelled to take some risk in respect to the form of the bond, &c., and he must make a return. Some service is, therefore, in such a case, performed, and some risk encountered, by the marshal, for which he is entitled to compensation. The provision for paying the marshal a commission on the amount is without any words limiting the allowance to cases where the vessel has been actually seized, and the intent appears to be to give the marshal a commission in all cases where he performs any service which affords the basis for a claim to

compensation. I am of the opinion that he is entitled to his commission, when a bond under the act of 1847 is received, although service of the process by seizure of the vessel is stayed, and that this right is not affected by the circumstance that, in practice, the bond under the act of 1847 is ordinarily filed in the clerk's office by the claimant. Although filed in the clerk's office after approval, it is still a bond to the marshal, as obligee, and is deemed to be taken and returned by the marshal, who, upon his own responsibility, stays the execution of the process. The marshal is, therefore, in this case, entitled to his commission, provided the case is one where the debt or claim has been settled by the parties, within the meaning of the section. It has been heretofore held by Judge Blatchford, that, when the amount of a final decree is paid before execution, the debt or claim is settled, within the meaning of section 829. The Russia [Case No. 12,170]; and such is also my opinion.

For the reasons above given, I am, therefore, of the opinion that the marshal is entitled to his commission in this case, and the taxation is affirmed.