## Case No. 23.

### The ACADIA.

[10 Ben. 482.][1]

#### District Court, S. D. New York. June, 1879.

MARSHAL'S COSTS—BONDING VESSEL.

A vessel was seized by the marshal under a monition, and thereafter was released on a

[1][Reported by Messrs. Robert D. Benedict, Esq., and Benjamin Lincoln Benedict, Esq., and here reprinted by permission.]

stipulation for her appraised value. *Held*, that the marshal was not entitled to a commission on such appraised value under section 829 of the Revised Statutes of the United States.

[See note at end of case.]

In admiralty.

J. E. Kennedy, for marshal.
E. L. Owen, for claimant.

CHOATE, District Judge. This is an appeal from taxation of the marshal's costs. The suit was for damages caused by violation of charter party, and the amount of damages claimed was $25,000. The vessel was seized by the marshal under the monition and has been released on stipulation for her value being appraised at $3,000. The marshal claims that he is entitled to a commission on the valuation of the vessel under Rev. St. § 829, which gives the marshal "when the debt or claim in admiralty is settled by the parties without a sale of the property," a commission of one per cent on the first five hundred dollars of the claim or decree, and one-half of one per cent on "the excess of any sum thereof over $500.00," "provided that when the value of the property is less than the claim, such commission shall be allowed only on the appraised value thereof." It is urged on behalf of the marshal that the design of the statute was to give the marshal a commission for his responsibility in attaching and holding the property, in all cases where there is a sale 2½ per cent on the first $500, and 1¼ per cent on the excess, as expressly provided in another part of the fee bill, and in all other cases, that is, where the parties make such disposition of the case that there is or can be no sale by him, one per cent on the first $500, and one-half of one per cent on the excess. It is argued that the marshal's compensation cannot have been intended to be dependent on the result of the suit; that this would be against public policy, committing the marshal in all cases to the interest of the libellant, and this argument is urged as a reason for the construction contended for. But I think it is clear that what the statute had in view was a final disposition of the cause by agreement of the parties, whereby the suit should be withdrawn or a decree entered without a sale of the property, and does not refer to a case where the vessel is bonded by the claimant without any settlement of the debt or claim. The words of the statute cannot even by a forced construction have the meaning claimed for them in behalf of the marshal. Nor is there any force in the supposed reason of public policy urged in support of his claim. Whatever mischiefs may arise, from having the marshal interested in the result of suits in admiralty, undoubtedly exist under the fee bill as it is, independently of this particular provision. If the marshal attaches a vessel and holds her in custody till the cause is heard, as he may do and often does, and

the libel is dismissed, the marshal has no commission under the fee bill. This consideration of public policy, therefore, cannot have been regarded as one so controlling that the language of the fee bill must be forced to conform to it. It was thought, however, reasonable in providing for the marshal's fees to secure him some comparatively small commission where the parties, by agreement, settle the claim without proceeding to a sale. There is nothing to show that the design was to extend this provision beyond the case thus clearly provided for. If it be true that the risk and responsibility of the marshal is the same, where the vessel is bonded and the suit goes on, as where the claim is settled by the parties and the vessel released, it is true, also, that he has the same or greater risk and responsibility when the vessel is attached and held during the whole pendency of the suit, and the libel is finally dismissed, yet he has no commission. Fee bills are not arranged on a system of giving in every possible case an exact equivalent for service rendered. They are in their adjustment of fees extremely artificial, but designed, in the long run, to give the officer a fair compensation. In this case the marshal may hereafter become entitled to his commission if the claim is ever settled or a decree entered, but till that time he is entitled to nothing. The City of Washington, [Case No. 2,772.]

Taxation affirmed.

[NOTE. In The Norma, Case No. 1,626, the district court for Louisiana held that, where a settlement is made before a final or interlocutory decree is rendered, the marshal is not entitled to his commissions. This case was, however, denied by the same court in The Clintonia, 11 Fed. Rep. 740, by holding that the marshal is entitled to his commissions, although the property was released on stipulation, the claim compromised, and suit withdrawn, before a final decree was rendered. See, also, to the same point, Robinson v. Bags of Sugar, 35 Fed. Rep. 603; The Vernon, 36 Fed. Rep. 115.]