## TUCKER v. P. & F. CORBIN.

*(Circuit Court, D. Connecticut.   March 2, 1880.)*

TUCKER v. BURDITT and others, *ante*, 808, followed in this case.

In Equity.   Motion for an Attachment.

SHIPMAN, D. J.   This is a motion for an attachment against the defendants for an alleged violation of the injunction order heretofore issued by this court in the above-entitled cause.

The same questions which are presented in the affidavits were tried by Judge Lowell upon a motion for attachment by the present plaintiff against Burditt and others.   The motion was denied, and, after examining the various exhibits in the case, I can do no more than refer to the clearly expressed opinion of Judge Lowell as an embodiment of my views.   I do not think that any benefit would be conferred upon the parties by now attempting to modify or vary the language which he has used.

In both the Connecticut and Massachusetts cases there were draw pulls which were, after being cleaned from iron scale, tumbled in a barrel containing bits of brass, or brass "scratchers."   By this process the surface of the articles was "brassed," or was more or less covered with a deposit of the softer metal.   They were then dipped in copal varnish, known as a bronzing varnish, which was hardened in an oven heated to a moderate heat, but not to so great a heat as to oxydize

the varnish. The conclusions of Judge Lowell, as to the articles which he specifically mentions, apply with equal force to the "brassed" articles, which he does not particularly specify.

Indeed, the plaintiff admitted that upon the affidavits no other course could be taken than to deny the motion, but he insisted earnestly that there must be a mistake in the statements contained in the affidavits, which mistake could be detected by an expert, who should be directed to make personal inspection at the defendants' factory.

I do not now think that there is such a mistake, and, not suspecting one, it would be a very unusual course to refer the question for further investigation. It may be that sometimes there is more heat in the oven than at other times, and that inadvertently an oxydizing result has been reached; but the exhibit of varnished and unoxydized butts, which were put into an oven with each batch of varnished oxydized butts, seems to me to be as nearly conclusive on the question of heat, to which the articles were subjected, as any test well can be. The butts which were dried upon the radiator in my chambers have the same general appearance which the oven-dried butts present.

It is manifest that the distance between non-infringement and infringement is a narrow one, and one which unscrupulous people can easily cross; but this exposedness of the patentee to fraud results from the fact that the patent, while it is of importance and of benefit to the public, is not of broad scope. To Mr. Justice Clifford's construction of the patent neither party made objection upon the trial of this motion.

The motion is denied.