## THE CLINTONIA.*

*(District Court, E. D. Louisiana.   April, 1882.)*

ADMIRALTY—MARSHAL'S COSTS.

Under section 829 of the Revised Statutes the marshal is entitled to his commissions, when, after a seizure in admiralty, the suit is settled, though without an order of sale. The commissions will be computed upon the amount paid in settlement.

*The Norma,* Newb. 533, denied.

*The Russia,* 5 Ben. 84, and *The City of Washington,* 13 Blatchf, 410, followed. ·

J. *Ward Gurley, Jr.,* for the marshal.

M. M. *Cohen,* for libellants.

BILLINGS, D. J.   The matter here presented is on an appeal from the taxation of costs for the marshal by the clerk under that subdivision of section 829 of the Revised Statutes which provides:

"When the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission of 1 per centum on the first $500 of the claim or decree, and one-half of 1 per centum on the excess of any sum thereof over $500: provided, that when the value of the property is less than the claim, such commission shall be allowed only on the appraised value thereof."

In this case a libel was filed to recover for salvage service. There was a seizure by the marshal under admiralty process, and the property was released on stipulation, when the claim was compromised,

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

and the suit withdrawn previous to any decree, and it is admitted that the libellants received by way of such compromise the sum of $25,000. Upon this sum the marshal claimed commissions, the clerk rejected the claim, and the marshal has appealed. The preceding subdivision establishes a fee not to exceed $2.50 per diem for the necessary expenses of keeping boats, etc., attached or libelled in admiralty, and the following subdivision fixes the commissions of the marshal for sale of vessels and other property under admiralty process, or under the order of a court of admiralty.

It will be seen, therefore, that the expenses for keeping property libelled, and the fee for the sale of libelled property, are provided for by these two juxta-placed subdivisions, and that congress intended to provide a third compensation, namely, a commission in case of settlement without a sale.

In the case of *Steamer Norma*, Newb. 533, my predecessor refused to tax this commission for the marshal on the ground that there had been no substantial service, and therefore it would have been a mere gratuity. In my opinion courts must not attempt to assess the compensation of officers under the fee bill by a determination of what had been earned in that particular case. Necessarily the fees can be established only by classifying the various services of the officers, and fixing the fees for the services as thus classified; the classification being arrived at so as, in the opinion of congress, to provide upon the whole adequate and proper compensation. Undoubtedly such a systemized regulation of fees will give more fees in some cases than will have been earned; but, on the other hand, in the same case often much service is demanded and little compensation allowed. It is the duty of the courts simply to see into what class the service in question falls, and then to award the fee or commission which acts of that class are entitled to.

For the service and responsibility of the marshal in case of a seizure and settlement of the claim, congress has said there shall be this commission. Here is a class established. The case here presented falls within that class, and the officer must receive the corresponding fee.

This is the view of Judge Blatchford in *The Russia*, 5 Ben. 84, and of Judge Benedict in the *City of Washington*, 13 Blatchf. 410, and they are well-supported views. But it is urged for the libellants in this case that there had been no decree, and therefore there could be no assessment of commission. The answer to that argument is that the statute says the commission shall be allowed upon the "claim or

debt," and shall be at such a per centum "of the claim or decree." The meaning clearly is that the decree shall determine the amount, if there has been a decree arrived at and it does not exceed the value of the property; but if the settlement has been effected before the cause had ripened to a decree, then the sum realized or paid is the basis of the commissions. The adjudications with reference to the fees of sheriffs and marshals, in cases of levies under executions and settlements by payment to plaintiffs, are in point.

In *Swann* v. *Ringgold*, 4 Cranch, C. C. 246, the language of the statute being "the sheriff or marshal should have a commission if the property be actually sold or the debt paid," the court says: "If the act gives the whole commission when the whole debt is paid, the equity of the act would give part of the commission when part of the debt is paid; that is, *pro rata*."

In *Hildreth* v. *Ellise*, Caines, 194, where the law regulating sheriffs' fees gave, "for securing an execution for $250, two cents and four mills per dollar, and for each dollar more one cent and two mills, with a limitation that 'poundage' should be taken only for the sum levied," the court said:

"Whenever the plaintiff interposes and a compromise takes place, he [the sheriff] is entitled to poundage on the sum realized by the plaintiff, or that might have been collected on the property levied on. * * * Cases no doubt may be supposed where the sheriff will receive more than a valuable consideration for his services; but we think much less injustice will be done by adopting the rule we have laid down, than to say the sheriff shall be deprived of all his poundage whenever a compromise takes place." See, also, *Alchin* v. *Wells*, 5 Durn. & East, 470.

Applying the statute to this case, the claim is the amount received by the libellant in settlement or compromise of the same. That amount being $25,000, the marshal is entitled to a commission of $127.50, which amount the clerk is directed to tax.