ROBINSON *et al. v.* FIFTEEN THOUSAND FIVE HUNDRED AND SIXTEEN BAGS OF SUGAR.[1]

*(District Court, E. D. New York.* May 12, 1888.)

ADMIRALTY—COSTS—MARSHAL'S FEES—COMPROMISE OF CLAIM—BASIS OF COMPUTATION.

The sum paid a libelant in settlement of his claim, and not the amount claimed in the libel, is the basis upon which the marshal's commissions are to be determined, under section 829, Rev. St.

In Admiralty. Appeal from clerk's taxation of costs.

*E. B. Convers,* for libelant.

*Martin & Smith,* for claimant.

*Charles M. Stafford,* U. S. Marshal, in person.

BENEDICT, J. This case comes before the court on an appeal from the clerk's taxation of the marshal's fees. The claim set forth in the libel amounted to $1,959.98. After the service of the process by the marshal, and before trial, the case was compromised by the parties by the payment to the libelant of $1,200. Thereupon the marshal presented for taxation his bill of costs, in which he claimed commission on $500 at 1 per cent., and commission on $1,459.98 at ½ per cent. The claimants do not object to the commission of 1 per cent. on the first $500, but claim that the ½ per cent. commission should be on $700, instead of $1,459.98. The clerk allowed a commission of 1 per cent. on $500. and ½ per cent. on $700. The marshal appealed.

The question to be decided is whether the marshal is entitled to calculate his commission on the amount paid by way of compromise of the claim, or the amount set forth in the libel as the libelant's claim. The words of the statute are:

"When the debt or claim in admiralty is settled by the parties without the sale of the property, the marshal shall be entitled to a commission of one per cent. on the first five hundred dollars of the claim or decree, and one-half of one per cent. on the excess of any sum thereof over five hundred dollars."

In my opinion, where the amount due the libelant is not fixed by decree, but agreed on by compromise, the amount paid by way of compromise to settle the claim is to be considered the amount of the claim within the meaning of this statute. Such has always been the interpretation of the statute, so far as I know, in this court, and it seems in harmony with the decisions upon the subject. See *The Clintonia,* 11 Fed. Rep. 740; *The City of Washington,* 13 Blatchf. 410; *The Russia,* 3 Ben. 471. These cases are not precisely similar to this case, but it will, I think, be in harmony with the principle of these cases to hold that, when a libelant agrees to accept a certain sum of money in settlement of his demand, that sum becomes his claim within the meaning of the statute. Of course the libel could at any time be amended by reducing the

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

demand to the amount agreed to be accepted as the libelant's claim, in which case there would be no ground to contend that the amount paid was not the amount of the claim. The clerk's taxation is affirmed.