## SMITH v. THE MORGAN CITY.

*(District Court, D. South Carolina. July 12, 1889.)*

1. SALVAGE—FEES OF MARSHAL.
    A vessel was libeled for salvage, but the warrant of arrest remained in the clerk's office, and was never given to the marshal. The parties stipulated that the vessel should remain in her owners' possession. The bond was neither taken in the marshal's name, nor delivered to him. After a decree for salvage was rendered, the claim was paid without sale, no money passing through the marshal's hands. Rev. St. U. S. § 829, provides for a commission to the marshal for sales in admiralty proceedings, which shall be reduced when the claim is settled without a sale. *Held,* that the marshal should receive the reduced commission which is given him as compensation for the loss of his opportunity to earn fees by a sale of the property, and not as a compensation for services.

2. SAME—CLERK'S FEES.
    But the clerk, under section 828, giving him a commission for "receiving, keeping, and paying out money" in pursuance of any order of court, of a given per cent. of the amount "received, kept, and paid," is not entitled to any compensation.

In Admiralty. Libel for salvage.

Libel for salvage by Smith, master of the steam-ship Apex, against the steam-ship Morgan City. A decree was rendered for salvage, and, the sum awarded having been paid, the marshal's and clerk's commissions were taxed as part of the costs. To this taxation the claimants object.

*J. P. K. Bryan,* for libelant.

*Barker, Gilliland & Fitzsimons,* for claimants.

SIMONTON, J. The case comes up on a question of the marshal's and clerk's commissions. When the libel for salvage was filed, the warrant of arrest was left in the hands of the clerk. Libelant's proctor instructed the clerk not to hand it to the marshal. No arrest having been made, the respondents put in a stipulation for the Morgan City, both proctors assenting, and she remained in the possession of her owners. A decree for salvage having been rendered, the case was settled by the parties without a sale. No money was paid into the registry of the court, or into the hands of the marshal. In the taxation of costs the clerk charges his commissions on the award, $12,000. The marshal also charges commissions at the rate of 1 per cent. on the first $500, and one-half of 1 per cent. on the rest. The claimants dispute these charges. Section 829, Rev. St., gives to the marshal, for sale of vessels or other property under process in admiralty, or under the order of a court of admiralty, and for receiving and paying over the money, 2½ per cent. on any sum under $500, and 1¼ per cent. on the excess over $500. But when the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission of 1 per cent. on the first $500 of the claim or decree, and one-half of 1 per cent. on the excess, if any. Judge BENEDICT, discussing this section in *The City of Washington,* 13 Blatchf. 410, says: "The provision

of the statute which gives to the marshal a commission is applicable to all cases where the debt is settled by the parties without a sale. There are no terms of limitation." Although he states this distinctly, yet he adds: "Nevertheless, I cannot think it was intended to apply, where no service is performed or responsibility assumed." After a careful reading of this section, I cannot find the intent which Judge BENEDICT saw. The learned judge, however, recognized the policy of the courts in this matter. He therefore in that case seized upon the fact that the bond for the release of the ship was given in the name of the marshal. But it was never lodged with or delivered to him. That case was in very many respects like the present case. The warrant of arrest was issued, but never executed. The vessel was never in custody, and was bonded by the parties. The case was heard and settled without any action of the marshal. The point of difference is that in the city of Washington the bond was taken in the name of the marshal. In this case the marshal's name does not appear. In neither case was the marshal ever in possession of the bond. This section provides for the compensation of the marshal by fees. Judge BENEDICT evidently felt the necessity for the most liberal construction of the law in order to secure him his fees. In my opinion, it was unnecessary to strain the interpretation of the act. This compensation in question is not based on any service whatsoever. The commission on moneys paid between the parties without a sale of the property is given to the marshal by way of compensation for the loss of the opportunity to earn the fees by sale and by custody of the money. The cause being in the hands of the court, and the court having rendered a decree, the regular mode of enforcing the decree is by execution. The enforcement of the execution was as well the right, as the duty, of the marshal. The parties, however, prefer to settle the matter without further intervention of the court. If they take this course, they cannot deprive the marshal of all that he might have earned. They pay him a reduced commission. One per cent. instead of 2½, and ½ per cent. instead of 1¼. The same practice, from time immemorial, has existed in this state. When parties settle a case in judgment outside of the sheriff's office, he gets a reduced commission. Gen. St. S. C. § 2437. The marshal is entitled to the commission charged.

With regard to the clerk. The language of the section (828, Rev. St.) is, "for receiving, keeping, and paying out money in pursuance of any statute or order of court," the clerk is entitled to "one per cent. on the amount so received, kept, and paid." In this case there is no statute requiring payment of the salvage award into the registry. No decretal order has been entered. Upon knowledge of the views of the court, the parties settled without further action on its part. Thus no order was passed requiring payment of the money into court. As the compensation to the clerk is for the trouble and responsibility of actually receiving, keeping, and paying out money, (*In re Goodrich,* 4 Dill. 230,) this claim is disallowed.