### THE SCOTTISH DALE.

### HANSON et al. v. THE SCOTTISH DALE.

(District Court, D. Washington, N. D. January 14, 1895.)

#### No. 858.

ADMIRALTY—SETTLEMENT OF CLAIM—FEES OF MARSHAL.

Under Rev. St. § 829, providing that, when the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission of 1 per cent. on the first $500 of the claim or decree, and one-half per cent. on the excess, provided that, where the value of the property is less than the claim, commission shall be allowed only on the appraised value thereof, where a case is dismissed without any formal appearance of a claimant, on payment of a sum less than that claimed, and without any appraisal, commissions will be allowed only on the amount paid in settlement.

In Admiralty.

Libel in rem to recover $100,000 for a salvage service. After the issuance of a monition and attachment, and arrest of the vessel thereunder, without the formal appearance of any claimant, the case was dismissed in consideration of $7,500 paid in satisfaction of the demand. In settling the costs, a question was raised and submitted to the court as to whether the marshal became entitled to a commission on the amount sued for or on the amount paid.

L. C. Gilman, for libelant.

HANFORD, District Judge. The question submitted to me involves a construction of the following subdivision of section 829 of the Revised Statutes:

"When the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission of one per centum on the first five hundred dollars of the claim or decree, and one-half of one per centum on the excess of any sum thereof over five hundred dollars; provided, that when the value of the property is less than the claim, such commission shall be allowed only on the appraised value thereof."

The marshal's right to a commission is disputed on the ground that the case does not come within the letter of the statute, as the money received in settlement was not paid by a party to the record; and on the further ground that a percentage on the large amount sued for would be excessive, and, no decree having been rendered nor appraisement of the vessel, there is no other basis for compensation. This statute has reference to suits in rem. Such a case may be settled by the parties without any claimant having appeared. The libelant is a party on the one side, and whoever has such an interest in the vessel or share in the liability as to settle the case may be regarded as a party, in the sense intended by the statute, without having entered a formal appearance. It is very difficult, however, to apply this statute to a case like the one presented, where a claim—not a claim to the property, but a claim adverse to a vessel—is asserted by the libelant, and settled without a decree, and settled for less than the amount sued for. It is difficult, within the exact terms of this statute, to find a basis for computation of the marshal's commission. I consider that the marshal is entitled to something in the way of compensation, in addition to the specific fees for services, because his fees upon the writ amount to very little, and the responsibility he is obliged to assume when he executes process and seizes a ship is very great. In every such case he has to become, while the vessel is in his custody, responsible for its value. He must incur risk of being sued for any alleged wrong in seizing the property. If he should meet with opposition, he may be obliged to use force, and to assume all incidental liabilities. For his services and responsibility congress intended that he should receive compensation in addition to the amount of expenses incurred, and his right to compensation is in no wise affected by the filing of a claim or appearance of a party to contest the libelant's demand. The Russia, Fed. Cas. No. 12,170; The City of Washington, Fed. Cas. No. 2,772; The Acadia, Fed. Cas. No. 23.

I do not take the position that the court has power to exact payment of fees not authorized by law, nor to scale down the marshal's bill to an amount less than the statute allows him to charge; but I hold that this statute, construed according to the manifest intendment thereof, entitles the marshal to compensation on a percentage basis, and that the court has power to fix the amount by computation at the rate given for cases in which the amount of the libelant's recovery is decreed by the court, instead of being fixed by agreement between the parties. The Clintonia, 11 Fed. 740; Robinson v. 15,516 Bags of Sugar, 35 Fed. 603; Smith v. The Morgan City, 39 Fed. 572. I will fix, as the marshal's compensation in this case, a percentage at the rate specified in this statute,—not the double rate, but the rate specified in this statute upon the amount paid in settlement. That much, at least, is allowed by the statute.