THE ISABEL.

CHAPMAN DERRICK & WRECKING CO. v. THE ISABEL.

(District Court, D. Connecticut. March 8, 1897.)

No. 1,097.

UNITED STATES MARSHALS—COMMISSIONS IN COMPROMISED ADMIRALTY CASES.
    On a libel in rem for salvage, no monition was served, but the claimant appeared, gave bond, and consented to a decree for a specified sum, which he paid to libelant in settlement of the case. *Held*, that the marshal was not entitled to any commission thereon, as he had incurred no responsibility.

This was a libel by the Chapman Derrick & Wrecking Company against the steamboat Isabel to recover compensation for salvage services. The cause was heard on the marshal's appeal from the clerk's taxation of costs.

Samuel Park, for libelant.
R. C. Morris, per se.

TOWNSEND, District Judge. In the above-entitled cause a libel in rem for salvage services was filed, but no monition was served. The claimant appeared, filed a bond with libelant in the sum of $7,000, and consented to a decree for $2,500, which amount was paid to libelant in settlement of the case. The marshal included in his bill for taxation of costs a charge for a commission on said amount, which was disallowed by the clerk. The marshal contends that he is entitled to said commission by virtue of the provisions of section 829, Rev. St., which is as follows:

"When the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission of one per centum on the first five hundred dollars of the claim or decree, and one-half of one per centum on the excess of any sum thereof over five hundred dollars: provided,

that when the value of the property is less than the claim, such commission shall be allowed only on the appraised value thereof."

In The Russia, 5 Ben. 84, Fed. Cas. No. 12,170; The City of Washington, 13 Blatchf. 410, Fed. Cas. No. 2,772; The Clintonia, 11 Fed. 740; The Morgan City, 39 Fed. 572; and The Captain John, 41 Fed. 150,—such commissions were allowed on the amount demanded in the libel. In each of these cases, however, the vessel had been seized by the marshal. In The Acadia, 10 Ben. 482, Fed. Cas. No. 23; Robinson v. 15,516 Bags of Sugar, 35 Fed. 603, and The Scottish Dale, 65 Fed. 811, a commission was allowed, not on the amount demanded, but on the amount paid in the settlement of the claim. As no specific debt or claim was fixed in the libel herein, and as there was no appraisal of the value of the property libeled, the marshal would, in no event, be entitled to a commission other than on the amount paid in settlement. There is considerable force in the suggestion of counsel for claimant that, inasmuch as the marshal has incurred no responsibility, he is not entitled to any commission. I understand that the clerk, in disallowing the charge of the marshal, has followed the prevailing practice in the Southern district of New York. The disallowance is therefore affirmed. Let an order be entered accordingly.