---

## THE EROS.

(District Court, E. D. New York. December 23, 1916.)

ADMIRALTY ⬤⟲124—UNITED STATES MARSHALS ⬤⟲11—FEES—COSTS.

Under Rev. St. § 829, subd. 15 (Comp. St. 1916, § 1386), providing that, when the debt or claim in admiralty is settled by the parties without a sale, the marshal shall be entitled to certain commissions, the marshal is, where the claimant of a vessel libeled pays the amount of a decree, having secured its release from custody by the giving of bond, entitled to the commission provided, and the amount of such commission should be included in the decree as part of the costs.

In Admiralty. Libel by Eugene Higgins against the yacht Eros, claimed by Julien H. Evrard. From the refusal of the clerk to tax the marshal's poundage on entry of decree, libelant appeals. Item taxed as costs.

Duer, Strong & Whitehead and Selden Bacon, all of New York City, for libelant.

Kirlin, Woolsey & Hickox, of New York City, for claimant.

Henry Ward Beer, Asst. U. S. Atty, of Brooklyn, N. Y., for marshal.

---

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

VEEDER, District Judge. The libelant appeals from the refusal of the clerk to tax the marshal's poundage upon the entry of decree. The yacht was taken into custody by the marshal pursuant to writ, but was afterwards released upon the giving of a bond by the claimant to the marshal, pursuant to Rev. St. U. S. § 947 (Comp. St. 1916, § 1573). The case has been tried, and a final decree is being entered for the libelant for $37,356.46 and costs. In taxing his costs the libelant has asked that the sum of $189.02 be taxed as the poundage required to be paid to the marshal in case of settlement without a sale, as provided by Rev. St. U. S. § 829, subd. 15 (Comp. St. 1916, § 1386):

"When the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission of one per centum on the first $500 of the claim or decree, and one-half of one per centum on the excess of any sum thereof over $500."

It is well settled that if decree be entered, and the amount awarded be paid voluntarily by the defendant without issue of execution, such payment constitutes a settlement between the parties without a sale within the meaning of this statute. The Russia, 5 Ben. 84, Fed. Cas. No. 12,170; The City of Washington, 13 Blatchf. 410, Fed. Cas. No. 2,772; In re Johnston, 8 Ben. 201, Fed. Cas. No. 7,421; The Clintonia (D. C.) 11 Fed. 740; The Captain John (D. C.) 41 Fed. 150. This doctrine is supported by the state practice on attachments, and by all the cases with respect to what constitutes voluntary payment. It follows that, if the decree be entered, the claimant has the right to pay immediately, and on paying to the libelant the face of the decree, with any accrued interest, the judgment must be satisfied.

Apparently the libelant can assert no further claim for this poundage, unless it is included in the taxation; and if he receives payment, the marshal can demand this commission. As stated by Judge Simonton in Smith v. The Morgan City (D. C.) 39 Fed. 572:

"The commission on moneys paid between the parties without a sale of the property is given to the marshal by way of compensation for the loss of the opportunity to earn the fees by sale and by custody of the money. The cause being in the hands of the court, and the court having rendered a decree, the regular mode of enforcing the decree is by execution. The enforcement of the execution was as well the right, as the duty, of the marshal. The parties, however, prefer to settle the matter without further intervention of the court. If they take this course, they cannot deprive the marshal of all that he might have earned. They pay him a reduced commission—1 per cent. instead of 2½, and one-half of 1 per cent. instead of 1¼. The same practice, from time immemorial, has existed in this state. When parties settle a case in judgment outside of the sheriff's office, he gets a reduced commission. Gen. St. S. C. § 2437. The marshal is entitled to the commission charged."

If the marshal be entitled to receive this poundage on payment, the libelant may reasonably ask to be put in a position where he is entitled to insist on receiving the amount from the claimant or his sureties on payment of the decree. The obvious way is to incorporate it in the costs taxed and included in the decree. This procedure is expressly approved in Smith v. The Morgan City (D. C.) 39 Fed. 572,

supra. In the case of The Acadia, 10 Ben. 482, Fed. Cas. No. 23, the marshal sought to have his poundage taxed before decree or settlement. It was held that, while it could not be taxed at that time, the marshal might thereafter become entitled to it if a settlement were had or a decree rendered, and Judge Choate cited as authority Judge Benedict's ruling in The City of Washington, supra. The same view was taken by Judge Blatchford in the case of In re Johnston, 8 Ben. 201, Fed. Cas. No. 7,421, and reasserted by Judge Benedict in the case of the Captain John (D. C.) 41 Fed. 147. In the case of The Isabel (D. C.) 79 Fed. 103, the marshal had apparently never seized the vessel, since the court states that no monition was served; and the foregoing cases were distinguished on the ground that in those cases the vessel had been seized by the marshal. In Benedict's Admiralty (4th Ed.) 661, the form for a bill of costs includes the marshal's fees and poundage. And this seems in accordance with the provisions of section 983 of the Revised Statutes (Comp. St. 1916, § 1624).

The claimant is not harmed by such procedure. If the decree were reversed, it would carry with it the reversal of the taxation, and, if the amount had been collected, the right to reimbursement. If the decree is not appealed from, or on appeal is affirmed, and the claimant and his sureties should fail to pay, the libelant would issue execution to the marshal, who would collect. In that case the marshal would, of course, be entitled to his commission upon the execution, presumably at a larger rate. Of course, he could not have both commissions; but in collecting the execution he would be required to credit the reduced poundage taxed, so far as collected, against the poundage allowed on the execution. A somewhat similar situation is presented in the state practice, where the sheriff's fees on execution are always included in taxing costs on entry of judgment; but if the defeated party pay the judgment without issue of execution he is allowed credit for the taxed sheriff's fee.

I am constrained by the foregoing authorities to include this item in the costs decreed.