UNITED STATES *v.* HAAS and another.

(*District Court, S. D. New York.* November, 1880.)

1. ARREST—MARSHAL'S FEES.

Where an execution *ca. sa.* was served by the marshal in the county of New York, and the defendants held under arrest for some time, and the action was subsequently settled by a compromise, the defendants paying the plaintiff a smaller sum than that specified in the execution :

*Held,* that the marshal is entitled to poundage on the whole amount for which the execution issued.

That the new provisions contained in the New York code of civil procedure relating to sheriff's fees do not affect this question.

That the rate of poundage should be that allowed the sheriffs in the different counties throughout the state under 2 (N. Y.) Rev. St. 645, § 33, and not the special rates allowed the sheriff in the county of New York.

*S. L. Woodford,* U. S. Dist. Att'y, and *C. P. L. Butler,* Asst. Dist. Att'y. for the United States.

*H. W. Bookstaver,* for the Marshal.

CHOATE, D. J. In this case, after return of an execution against the property of the defendants unsatisfied, an execution against their persons was issued and served by the marshal, who held them under arrest for some time, when they gave bonds for the limits. The amount of the execution was $48,605.47. Subsequently a compromise of $15,000 was accepted by the secretary of the treasury, and the plaintiff's costs are payable out of this sum. The marshal's costs for serving the execution have been taxed at $875.30, being fee for serving, 69 cents; poundage, 3 per cent. on $250, and 2 per cent. on $48,355.47. The plaintiff has appealed from the clerk's taxation.

The question to be determined is whether the marshal is entitled to poundage on the sum collected or realized by the compromise, or on the whole amount for which the execution issued. By Rev. St. U. S. § 829, the marshal is entitled to the same fees and poundage for serving an execution as are or shall be allowed to sheriffs of the state for similar services. The question then is, what poundage is the sheriff entitled to ?

The right of the sheriff in that respect is governed by 2 Rev.
St. 645, § 33, (5th Ed. Vol. 3, p. 924,) which provided as
follows: "For serving an attachment for the payment of
money, or an execution for the collection of money, or a war-
rant for the same purpose, issued by the comptroller, or by
any county treasurer, for collecting the sum of $250 or less,
two cents and five mills per dollar, and for every dollar col-
lected more than $250, one cent and two and a half mills."
By an act of April 12, 1871, the sheriff's poundage was
raised to three cents on the first $250, and two cents on all
above that sum, except in the counties of New York, West-
chester, and Kings.    An earlier statute, which is included in
the Revision of 1813, provided that the sheriff should receive
for "serving an execution, for or under $250, two cents and
four mills per dollar, and for every dollar more than $250,
one cent and two mills; the poundage on writs of *fieri facias*,
and all other writs for levying moneys, to be taken only for
the sum levied."    This earlier statute received in several
cases a judicial construction that, as applied to a *ca. sa.*, or
execution against the person, it entitled the sheriff to full
poundage, on the ground that the service of such an execu-
tion by arrest was, so long as the imprisonment continued, a
satisfaction of the execution, and that the sheriff's liability,
in case of escape, was for the whole amount of the execution.
The change of phraseology in the later statute is relied on as
changing the law in this respect; but I do not think this is
the result of the authorities, nor a proper inference to be
drawn from the statute itself.    The practical construction
that has been given to the statute is that it entitled the sher-
iff to full poundage upon service of the execution against the
person.    2 Rev. Laws, 19; *Adams* v. *Hopkins*, 5 John. 252;
*Scott* v. *Shaw*, 13 John. 378; *Campbell* v. *Cothran*, 56 N. Y.
279; *Cooper* v. *Bigelow*, 1 Cow. 56; *Chapman* v. *Hatt*, 11
Wend. 41; *Koenig* v. *Steckel*, 58 N. Y. 475.    The new pro-
vision contained in the Code, which took effect September 1,
1880, does not affect this case.

It is, however, objected that in this case, as the arrest was
in the county of New York, the rate of poundage to be allowed

should be that allowed to the sheriff in the county of New York for the same service. It is argued on behalf of the marshal that a uniform rate of poundage is designed to be established by the act of congress, and that the rate should be the highest rate allowed to any sheriff in any county within the state, or at least the prevailing rate allowed to sheriffs. I do not, however, see any difficulty in adapting the rate to those allowed to sheriffs in different counties. I think that by doing so the purpose of the statute is more effectually carried out, and so only is the rate of marshals fees conformed to that of the sheriff for similar services. As the computation was made on the higher rate allowed in other counties, the appeal is to this extent, sustained, and the amount reduced accordingly.