THE CITY OF ST. IGNACE.

District Court, N. D. Ohio, E. D. May 15, 1927.

No. 3068.

1. United States marshals ⇒12—Statutory provision conforming fees of marshals to those of state sheriffs held not to apply to fees and poundage in admiralty suits (Comp. St. § 1386).

Rev. St. § 829, par. 6 (Comp. St. § 1386), providing that for certain services marshals shall receive the same fees and poundage as sheriffs under the law of the state, does not apply to suits in admiralty, which are not within the jurisdiction of state courts.

2. United States marshals ⇒12—Poundage on sale of vessel in admiralty to mortgagee is not affected by part payment by credit on mortgage debt (Comp. St. § 1386).

Under the provision of Rev. St. § 829 (Comp. St. § 1386), fixing the poundage of marshals "for sale of vessels or other property under process in admiralty, or under the order of a court of admiralty, and for receiving and paying over the money," where the mortgagee purchases a vessel at foreclosure sale and is permitted to pay a part of the purchase price by giving credit on the mortgage debt, the marshal is entitled to the same poundage as though the full price had been paid in cash.

In Admiralty. Suit by the Cleveland Trust Company against the steamer City of St. Ignace. On motion to retax costs. Denied.

Dustin, McKeehan, Merrick, Arter & Stewart and Chamberlin, Marty & Fuller, all of Cleveland, Ohio, for libelant.

Holding, Duncan & Leckie, of Cleveland, Ohio, for respondent.

JONES, District Judge. This cause is before me on motion to retax costs. The proceeding is in admiralty. The libel is based upon a maritime mortgage. Various persons asserting maritime liens, filed intervening petitions. On April 1, 1927, a decree was entered, directing the marshal to sell the vessel City of St. Ignace, her apparel, tackle, and furniture, to answer the prayer of the libel. In the decree of sale, the rights of the

respective interveners are reserved, but not adjudicated. It was further provided that the holder of the mortgage bonds might purchase upon equal terms with other persons, paying in cash a sum sufficient to satisfy costs, and upon giving a bond to secure claims of intervening libelants, asserted to be prior to the lien of said mortgage, might apply the bonded indebtedness in satisfaction of the purchase price. The marshal executed the order of sale. The vessel was bought by the bondholders at the sum of $65,000. The purchaser paid in cash $5,285, gave bond to secure intervening libelants claiming priority, and was allowed a credit of $59,715 in extinguishment of the residue of the purchase price.

[1] A part of the taxed costs is an item of $818.75, poundage taxed in the marshal's favor. The motion is to correct this taxation, by allowing poundage at the statutory rate on the sum of $5,285. The contention is that the poundage is governed by the sixth clause of section 829, R. S. (U. S. Comp. St. § 1386). This clause of the section in part provides that "for serving a writ of possession, partition, execution, or any final process, * * * and for making the service, seizing or levying on property, advertising and disposing of the same by sale, set off, or otherwise according to law receiving and paying over the money, the same fees and poundage as are or shall be allowed for similar services to the sheriffs of the States, respectively, in which the service is rendered." In Ohio the sheriff is not allowed poundage on such part of the sale money as is extinguished by the distributive share of the purchase mortgagee or lienor. Major v. Coal Co., 76 Ohio St. 201, 81 N. E. 240. Hence it is urged that the marshal's poundage should be likewise limited.

I am of opinion that clause 6 of said section has no application. It applies only to sales under execution and in actions at law or in equity. Suits and proceedings in admiralty are in a separate and distinct class. Jurisdiction is concurrent with the state and federal courts in the class of actions or proceedings to which this clause of the section is applicable. If no other provision fixing marshal's poundage in admiralty cases were found in the statute, the court might, by analogy, adopt the rule of this clause.

[2] In the same section, however, we find two clauses fixing the marshal's poundage in admiralty cases, in two different situations. In one clause it is provided: "When the debt or claim in admiralty is settled by the parties without a sale of the property, the marshal shall be entitled to a commission of one per centum on the first five hundred dollars of the claim or decree, and one half of one per centum on the excess of any sum thereof over five hundred dollars." It is further provided "that, when the value of the property is less than the claim, such commission shall be allowed only on the appraised value" of the property. To meet this last situation, District Court admiralty rule 53 was adopted. Under this clause it is held that, whenever the debt is paid, whether before or after judgment or decree, the marshal's poundage should be taxed; and this was so held, even when the order of seizure had never been delivered to or executed by the marshal, but the vessel was released by bond and stipulation while the writ remained in the clerk's possession. See City of Washington, Fed. Cas. No. 2,772; Smith v. The Morgan City (D. C.) 39 F. 572; The Eros (D. C.) 245 F. 814.

The other clause is in part as follows: "For sale of vessels or other property under process in admiralty, or under the order of a court of admiralty, and for receiving and paying over the money, two and one-half per centum on any sum under five hundred dollars, and one and one quarter per centum on the excess of any sum over five hundred dollars." It is this clause, if any, which covers the present situation. As already said, admiralty is in a class entirely separate from the class of cases dealt with in clause six, first cited. The jurisdiction of the United States courts is exclusive in all matters in admiralty. It is not competent for a State court to take jurisdiction of a controversy in admiralty, even with the consent of the parties. In the class of cases provided for by clause six, good reasons exist why the fees and poundage should be made uniform in the United States courts with the fees and poundage in the state courts. But in admiralty cases, wholly beyond the jurisdiction of State courts, and beyond the power of state Legislatures to regulate and control, it became the duty of Congress to provide and to fix a rate of fees and poundage to govern in such cases. Obviously, the two clauses last referred to are exclusive in their application to proceedings in admiralty.

The question then is: Which of the two clauses last cited is applicable, or, in other words, under which shall poundage be taxed? The clause first cited does not apply, because a settlement was not made without a sale of the property. The only reason urged why the second does not apply is that the purchase money was not received and paid over, but

was in part satisfied by a credit given on the mortgage indebtedness. It must be admitted that the marshal did not literally receive and pay over money, but he performed more services and incurred greater responsibility than are performed and incurred when the parties settle the libelant's claim before or after decree and without sale. It is not probable that Congress intended he should have less compensation for his service when a sale is made, with all the labor and responsibility thus incurred and implied, than he receives when the parties settle without a sale. In the latter case his compensation is measured by the face of the claim or by the appraised value of the property involved. In the present case, it must, in my opinion, be measured by the price at which the vessel sold. If this is not done, the statute is inoperative. The marshal will be deprived almost entirely of the poundage provided by law. It is more sensible to conclude that giving credit by the marshal on the purchase money, for the purchaser's distributive share, is in law the substantial equivalent of receiving and paying over the money.

This conclusion is supported by other considerations. As will appear from the Ohio statutes (Rev. St. 1906, § 1230) cited in Major v. Coal Co., supra, the sheriff's poundage is to be computed "on all moneys actually made and paid to the sheriff on execution, decree or sale of real estate." The statute further provides: "But when such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claims of such party." Except for the modifying clause last quoted, the rule seems to be fairly well settled that the selling officer is entitled to poundage on the sale price, even though the language is "received and paid over," and notwithstanding that the purchase price may be in whole or part satisfied by giving credit for the purchaser's distributive share in the proceeds. See United States v. Haas (D. C.) 5 F. 29; Mason v. Muncaster, Fed. Cas. No. 9,248.

In the case last cited, the subject is fully discussed, and the history of poundage statutes from the earliest times is traced, and the statutory provisions fully reviewed. Cranch, Chief Judge, delivering the opinion, sums up the law as follows: "That the plaintiff in a fieri facias is also liable to the marshal for his whole poundage on the debt, if he levy goods to the value of the debt, whether they be sold or not. If sold, and they produce less than the debt, he can claim poundage

only on the amount made." In United States v. Haas, it is pointed out that, while this rule probably owes its origin to the responsibility of the sheriff in consequence of the seizure of the debtor's person, it had nevertheless become the fixed rule after imprisonment for debt was abolished. Hence, unless the statute expressly or by fair implication limits the poundage by the fact that current money is received and paid over, the marshal is entitled to compute the same on the purchase price, regardless of the fact that it is in part settled by giving credit. Nothing appears in section 829 so restricting the method of computing poundage.

It results from the foregoing views that the marshal's poundage was correctly taxed, and the motion to retax the same is denied.

I am authorized to add that District Judge WESTENHAVER has considered this question with me and concurs.