## THE CESARE AUGUSTO.

### No. 23436–W.

District Court, N. D. California, S. D.

July 3, 1941.

Hudson, Martin & Ferrante and Webster Street, all of Monterey, Cal., for libelant and intervening libelants.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for United States Marshal and Clerk of District Court.

ST. SURE, District Judge.

The question for decision is as to the right of the marshal and the clerk to collect fees under 28 U.S.C.A. §§ 574 and 555, where libelant, the successful bidder at a maritime foreclosure sale is permitted to deliver to the marshal its receipt for the amount of its bid in lieu of money.

Final decree was entered giving libelant judgment against the respondent in the sum of $33,100.93, including costs, and providing that the intervening libelants have judgments in the amounts determined by the report of the United States Commissioner, and approved by the Court, totaling $6,942.74, including costs. The decree ordered that the vessel be sold by the marshal and the proceeds applied to the judgments in order of priority. It permitted the libelant to bid for the account of itself and the intervening libelants and, in the event of libelant's becoming the successful bidder, permitted it to deliver to the marshal its receipt in lieu of payment of cash, up to the amount of its judgment. A writ of venditioni exponas was issued which ordered the vessel to be sold by the marshal according to law, and directed him to "have the moneys arising from such sale, together with this writ, at a District Court of the United States, to be held for the Northern District of California, at the City of San Francisco, on or before the 9th day of June, 1941, and that you then pay the same to the Clerk of the Court." The sale was held, the libelant was the successful bidder, and paid its bid by delivering to the marshal its receipt for $33,125.32, and the costs of sale. Thereafter the marshal and the clerk demanded payment of the poundage and clerk's fees, as provided in 28 U. S.C.A. §§ 574 and 555, respectively. Libelant paid the fees as demanded under protest, and now asks that they be disallowed and remitted to it.

Section 574 provides a schedule of fees payable to the marshal upon the sale of the vessel under admiralty process as follows: "For sale of vessels or other property under process in admiralty, * * * and for receiving and paying over the money, 2½ per centum on any sum under $500, and 1¼ per centum on the excess of any sum over $500." Rule 40 of the Supreme Court Admiralty Rules, 28 U.S.C.A. following section 723, requires that the proceeds of sales under admiralty process "shall be forthwith paid into the registry of the court by the officer making the sale, to be disposed of by the court according to law."

The clerk's fee was calculated on the amount of the successful bid, which was

shown in the marshal's return of the sale, and was represented by the purchaser's "receipt" to the marshal, which the marshal filed with the clerk. Section 555, on which the clerk relies, reads: "For receiving, keeping, and paying out money in pursuance of any statute or order of court, including cash bail or bonds or securities authorized by law to be deposited in lieu of other security, 1 per centum of the amount so received, kept and paid out, or of the face value of such bonds or securities."

While the statutes do not specifically require the marshal to sell for money, it is clearly contemplated that all bids are payable in money. No distinction is made in the statute between those bidders who are judgment creditors or lienholders and bidders who have not such status. It has been the practice in this District to permit the lienholder, who becomes the successful bidder at a sale under an admiralty decree, to pay the amount of his bid by tendering his "receipt" to the marshal up to the amount of his lien. This is proper if the "receipt" is to be considered as money constructively paid to the marshal. In The City of St. Ignace, D.C., 19. F.2d 952, it was held that the poundage payable to the marshal was to be measured by the successful bid, notwithstanding the fact that the bidder (a lienor) paid part in cash and part by applying the mortgage indebtedness on the purchase price. An additional reason for holding that the poundage is measured by the bid, is the fact that the statute does not fix a fee for the sale separately from the collection of the money. If part of the service is performed, the charge should be regarded as having attached, because the fee is not divisible. Bean v. Patterson, 110 U.S. 401, 4 S.Ct. 23, 28 L.Ed. 190.

Respondent also contends that the clerk's fee shall be paid only when the actual money or security is in his custody and is disbursed by him. Authorities are cited which, I think, are not in point under the circumstances here shown. Both the law and the process issued require that upon completion of the sale the marshal shall receive and forthwith pay over the money to the clerk. The transaction is single and indivisible. The method of bid and payment followed in this case was established some years ago merely for the convenience of litigants, and has not heretofore been contested. If this method were not used, the lienor would be required to pay money to the marshal which, after payment to the clerk, and deduction of poundage and fees, would eventually be returned to him. For this reason the practical procedure was adopted permitting the lienor, after sale, to tender a "receipt" in lieu of money. This procedure must not be permitted to degenerate into a means of underpaying the fees fixed by Congress for the support of the marshal's and clerk's offices. Should such an attempt be successful it would necessarily result in the abandonment of the expeditious practice established for the convenience of litigants and require, in all cases, the payment of actual money to the marshal and clerk according to the letter of the law.

The application for the remission of the marshal's poundage and the clerk's fees will be denied.