**JAMES T. BARNES & COMPANY,
Appellant,**

v.

**UNITED STATES of America et al., Appellees.**

**No. 78–1705.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1979.

Decided March 6, 1979.

---

Forrest P. Carson, of Carson, Monaco, Coil, Riley & McMillin, Jefferson City, Mo., for appellant.

Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., for appellees.

Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and HANSON, Senior District Judge.*

PER CURIAM.

James T. Barnes & Company appeals from an order of the District Court allowing the United States Marshal a fee of $16,228.17 for conducting a court-ordered sale of property in Camden County, Missouri. The case began when the Barnes Company brought an action in the Circuit Court of Camden County to judicially foreclose a technically defective deed of trust. The United States was named as a defendant to clear a tax lien in its favor against one of the grantors of the deed of trust. At the instance of the United States, the case was removed to federal court where the case proceeded to judgment in favor of the Barnes Company. The property was sold by the United States Marshal, at the front door of the Court House of Camden County, for $1,080,777.77 to the Barnes Company. The Marshal made a report of the sale and claimed commission of $16,228.17, as computed under 28 U.S.C. § 1921. The District Court allowed the commission and this appeal followed. We reverse and remand.

■ The District Court viewed 28 U.S.C. § 1921 as controlling. The pertinent portion of the statute fixes a commission to be received "[f]or seizing or levying on property (including seizures in admiralty), disposing of the same by sale, setoff, or otherwise, and receiving and paying over money * *." *Hill v. Whitlock Oil Services, Inc.,* 450 F.2d 170 (10th Cir. 1971), held this section permitted a statutory commission of $117.81 in a sale arising from a judicial foreclosure of Kansas land. On the other hand, *Travelers Insurance Co. v. Lawrence,* 509 F.2d 83 (9th Cir. 1974), concluded that the Marshal was not entitled to a statutory commission on the sale of property in a foreclosure action. We agree with the *Travelers* court that under the common law a seizure or levy is not required for a judicial foreclosure sale of property. This is the appropriate federal standard and requires reversal of the District Court.

■ The Barnes Company concedes that the Marshal is entitled to an allowance of a reasonable fee. The allowance of a fee of $16,228.17, computed per section 1921, is unreasonable for the services rendered in this case. Therefore the cause is remanded to the District Court for the allowance of a

---

* The Honorable William C. Hanson, Senior United States District Judge, Southern District of Iowa, sitting by designation.

reasonable fee[1] for the service or services entailed and further proceedings consistent with this opinion.

Reversed and remanded.

---

1. The determination of a reasonable fee is to be made by the District Court. We note, however, that the fee earned by a trustee selling this property under a deed of trust would have been $5,438.89 under Mo.Rev.Stat. § 443.360:

As a compensation for his services, any person selling property at auction under any writing, instrument or deed made or executed for securing the payment of any debt shall receive a commission on the amount of sales not exceeding two per cent on the first one thousand dollars, and one per cent on all sums over that amount and under five thousand dollars, and one-half of one per cent on all sums over that amount. (R.S.1939, § 3479)