**COAST ENGINE AND EQUIPMENT CORPORATION, Appellant,**

v.

**SEA HARVESTER, INCORPORATED, a corporation, and M/V SEA HARVESTER, her engines, tackle and appurtenances, Defendants,**

**and**

**J. J. Harvey, United States Marshal, Appellee.**

**No. 79–4086.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 1980.

Decided April 6, 1981.

James J. Mason, Rovai, McGoffin, Turner & Mason, Tacoma, Wash., for appellant.

Harry J. McCarthy, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HUG and SCHROEDER, Circuit Judges, and GRANT,* District Judge.

GRANT, Senior District Judge:

At issue in this appeal is the proper method of computing the marshal's commission under 28 U.S.C. § 1921 in an *in rem* admiralty action to foreclose a preferred ship mortgage. Appellant contends that the amount of the commission should be com-

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, is sitting by designation.

puted in accord with state law pursuant to Rule 69(a) of the Federal Rules of Civil Procedure. Appellee contends that state procedures are inapplicable to *in rem* admiralty proceedings, and that the marshal's commission should be computed pursuant to the formula set forth in 28 U.S.C. § 1921.

## I.

The facts in this case are not disputed. Appellant, Coast Engine and Equipment Corporation, (Coast Engine), is engaged in the ship repair business in Tacoma, Washington. At the request of Sea Harvester, Inc., owner of the vessel M/V Sea Harvester, Coast Engine performed repair work on the vessel in the amount of $434,102 between February and October of 1977. To secure this debt, Sea Harvester delivered to Coast Engine a promissory note in the amount of $404,365 which was secured by a preferred ship mortgage on the vessel. This amount reflected repair expenses which had accrued prior to September 30, 1977. On November 1, 1977, Sea Harvester delivered to Coast Engine an unsecured note for $29,737. This amount reflected repair expenses which had accrued during October, 1977.

The notes were not paid. On October 13, 1977, Coast Engine commenced an *in personam* action against Sea Harvester, Inc. and an *in rem* admiralty action against M/V Sea Harvester to foreclose its mortgage and repair liens. A warrant for the arrest of the vessel was issued and delivered to the Marshal for service. The vessel was arrested at Coast Engine's pier.

On January 10, 1978, Sea Harvester, Inc. filed a petition in bankruptcy in which it scheduled no significant assets except the vessel. On February 27, 1978, the district court consolidated the admiralty and bankruptcy proceedings, appointed the Bankruptcy Judge as Special Master in the admiralty case, and conferred upon him broad authority to sell the vessel, determine lien priorities, and apply the proceeds in satisfaction thereof.

On April 13, 1978, the Special Master directed the Marshal to conduct an interlocutory sale of the vessel, subject to a minimum bid price of $450,000. The Marshal conducted the sale but no bids were tendered at or above the minimum price set by the Special Master. Since the vessel's probable sales value was determined to be much less than the liens claimed against her, the Special Master held several hearings to determine the priority of the lien claims. He concluded that the claim of Coast Engine took priority over those of other lien holders. The Special Master recommended, and the court entered, judgment in favor of Coast Engine in the amount then owing, and directing sale of the vessel in satisfaction thereof.

On October 13, 1978, the court entered judgment for Coast Engine in the amount of $521,308, which included interest, and on November 2, 1978, the Marshall conducted a public sale at which Coast Engine was the only bidder. It bid the amount of the judgment and accrued interest which totaled $523,022. The judgment was completely satisfied and a Marshal's bill of sale was issued to Coast Engine.

Following the sale, the Marshal advised Coast Engine that he expected payment of his routine poundage fee pursuant to 28 U.S.C. § 1921, amounting to $7,860. Coast Engine contended, as it does now, that the Marshal is limited to the fees established by Washington state law which consists of $5 plus mileage at 15 cents per mile. Wash. Rev. Code § 36.18.040. The district court ruled in favor of the Marshal, *Coast Engine & Equipment Corp. v. Sea Harvester, Inc.*, 461 F.Supp. 1053 (W.D.Wash.1978), and from that judgment, this appeal was taken.

## II.

The controlling consideration on this appeal is the relationship between § 1921 and this court's decision in *Travelers Insurance Company v. M. T. Lawrence*, 509 F.2d 83 (9th Cir. 1974), regarding an *in rem* admiralty proceeding to foreclose a preferred ship mortgage.

In *Travelers*, the plaintiff brought an action to foreclose a real estate mortgage. A

judgment and decree was entered in favor of the plaintiff for the foreclosure of the mortgage, and directing that the property be sold by the United States Marshal. Following the sale of the real estate, the Marshal claimed he was entitled to a commission of approximately $75,000 out of the sale proceeds pursuant to § 1921. Objections to the commission were filed.

In denying the § 1921 measure of the commission and limiting the Marshal to the fees provided under state law, the court looked to Rule 69(a) of the Federal Rules of Civil Procedure which states in pertinent part:

> (a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. *The procedure on execution,* in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution *shall be in accordance with the practice and procedure of the state in which the district court is held,* existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

(emphasis added).

Relying on Rule 69(a), the seizure or levy requirement of § 1921, and the fact that under state [Oregon] law a seizure or levy was not required in selling real property at a mortgage foreclosure sale, that court held that:

> Rule 69(a) and § 1921 are interrelated. Rule 69(a) provides that state procedure shall determine what services the marshal will perform. § 1921 prescribes the fees he may collect for those services. Thus, if state law does not require a levy or seizure to be made when mortgaged property is sold pursuant to a decree of foreclosure, then according to Rule 69(a) the marshal does not make a seizure or levy.

Nor should he be compensated for making one under § 1921.

509 F.2d at 88 (footnotes omitted).[1]

To fully consider the impact of *Travelers* upon the computation of the marshal's commission in an *in rem* admiralty proceeding, a careful examination of § 1921's legislative history is required. Prior to being amended in 1962, § 1921 contained a separate section for the availability of a § 1921 commission in admiralty proceedings. An action in admiralty was considered distinct from other actions. Section 1921 read in pertinent part as follows:

> Only the following fees of United States marshals shall be collected and taxed as costs, except as otherwise provided:
>
> \*     \*     \*     \*     \*     \*
>
> ... and for ... seizing or levying on property, advertising and disposing of the same by sale, setoff, or otherwise according to law and receiving and paying over the money, the same fees and poundage as are or shall be allowed for similar services to the sheriffs of the States, respectively, in which the service is rendered;
>
> \*     \*     \*     \*     \*     \*
>
> For sale of vessels or other property under process in admiralty, or under the order of a court of admiralty, and for receiving and paying over the money, 2½ per centum on any sum under $500, and 1¼ per centum on the excess of any sum over $500.

Thus, prior to 1962, three acts were necessary to entitle the marshal to a § 1921 commission in an admiralty proceeding: (1) sale of a vessel or other property, (2) under process in admiralty or under the order of a court of admiralty, and (3) receipt and payment of money.[2] Three acts were also necessary to entitle the marshal to a § 1921

---

1. Two circuits have aligned themselves with the reasoning and logic of *Travelers. Federal Land Bank of St. Paul v. Hassler,* 595 F.2d 356 (6th Cir. 1979) and *James T. Barnes & Co. v. United States,* 593 F.2d 352 (8th Cir. 1979). One circuit, ruling before *Travelers,* adopted a contrary construction. *Hill v. Whitlock Oil Services, Inc.,* 450 F.2d 170 (10th Cir. 1971).

2. In an old case prior to the 1962 amendments, in a factual context very similar to this case, the court concluded that the marshal was entitled to a § 1921 commission. A relevant passage of the opinion states:

commission in non-admiralty actions: (1) seizure or levy on property, (2) disposition of the property by sale, setoff or otherwise, and (3) receipt and payment of money.

In 1962, one of the amendments to § 1921 deleted the separate section relating to marshals' commissions in admiralty proceedings and simply inserted the phrase "(including seizures in admiralty)" into the general marshals' commission portion of the statute. Section 1921 was amended to require that three elements be satisfied before the marshal is entitled to a § 1921 commission: (1) seizure or levy on property (including seizures in admiralty), (2) disposition of the property by sale, setoff or otherwise, and (3) receipt and payment of money. Section 1921, as amended, now reads in pertinent part:

> Only the following fees of United States marshals shall be collected and taxed as costs, except as otherwise provided:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> For seizing or levying on property (*including seizures in admiralty*), disposing of the same by sale, setoff, or otherwise and receiving and paying over money, commissions of 3 per centum on the first $1,000 of the amounts collected and 1½ per centum on the excess of any sum over $1,000.

(emphasis added).

■ The purpose of the amendment was to institute a uniform method of computing commissions for all marshals' services. It was intended to provide for full reimbursement to the federal government for services rendered to private litigants by United States marshals. Prior to the amendment, marshals' commissions had remained at the same level they were when the statute was first enacted in 1853. Since that time, marshals' costs had substantially increased. The annual cost to the government for handling federal court process for private litigants through the use of United States marshals began to exceed the minimal charges made for such services. Thus, the 1962 amendment was designed to remedy this financial deficiency. *See* S.Rep. No. 1785, 87th Cong., 2d Sess. (1962), H.R.Rep. No. 1724, 87th Cong., 2d Sess. (1962), 1962 U.S. Code Cong. & Ad. News 2239.[3] It was not intended to equate "seizures in admiralty" with "seizing or levying on property" and thereby subject admiralty proceedings to state procedural requirements under Rule 69(a). Appellant interprets the amendment to have eliminated any distinction between admiralty and other actions. Appellant is correct only with respect to the formula to be applied. The identical formula applies to all actions, but this is the only area where the distinction between admiralty and other actions was eliminated. It is quite apparent that the distinct federal nature of *in rem* admiralty proceedings was left unaffected by the 1962 amendment.

The other clause is in part as follows: "For sale of vessels or other property under process in admiralty, or under the order of a court of admiralty, and for receiving and paying over the money, two and one-half per centum on any sum under five hundred dollars, and one and one quarter per centum on the excess of any sum over five hundred dollars." It is this clause, if any, which covers the present situation. As already said, admiralty is in a class entirely separate from the class of cases dealt with in clause six, first cited. The jurisdiction of the United States courts is exclusive in all matters in admiralty. It is not competent for a State court to take jurisdiction of a controversy in admiralty, even with the consent of the parties. In the class of cases provided for by clause six, good reasons exist why the fees and poundage should be made uniform in the United States courts with the fees and poundage in the state courts. But in admiralty cases, wholly beyond the jurisdiction of State courts, and beyond the power of state Legislatures to regulate and control, it became the duty of Congress to provide and to fix a rate of fees and poundage to govern in such cases. *The City of St. Ignace*, 19 F.2d 952, 953 (N.D. Ohio 1927). Another older case supports this same conclusion. *See The Cesare Augusto*, 39 F.Supp. 751 (N.D.Cal.1941).

3. The House Report at p. 5 says:

There is a consolidation and change in language of the several provisions of existing law. We believe that uniform fees should be fixed by the Congress for this work, thereby discontinuing the antiquated practice of having the marshals' fees, in part, determinable on the basis of sheriffs' fees and poundage.

This is supported by an examination of Rule 69(a) itself.

In *Travelers,* the court relied upon the language of Rule 69(a) which states that "[t]he procedure on execution ... shall be in accordance with the practice and procedure of the state in which the district court is held...." The court reasoned that since state procedures apply and under those procedures § 1921's requirement of a levy or seizure was unnecessary, the marshal's commission must be computed under the provisions of the state statute. Rule 69(a), however, goes on to say that state procedures are applicable "*except that any statute of the United States governs to the extent that it is applicable.*" (emphasis added). *In rem* admiralty proceedings satisfy this exception.

■ Original jurisdiction of *in rem* admiralty proceedings to foreclose a preferred ship mortgage rests exclusively with the federal courts. 46 U.S.C. § 951 provides in pertinent part:

A preferred mortgage shall constitute a lien upon the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by such vessel. Upon the default of any term or condition of the mortgage, such lien may be enforced by the mortgagee by suit in rem in admiralty. *Original jurisdiction of all such suits is granted to the district courts of the United States exclusively.*

(emphasis added). Complementing the jurisdictional mandate set forth in § 951 is the specialized body of supplemental procedures for use in the courts of admiralty. *See* Supplemental Rules for Certain Admiralty and Maritime Claims. The enactment of these rules represents an express recognition by Congress that while the Federal Rules of Civil Procedure are applicable and generally effective in the context of an admiralty proceeding, the distinct nature of the proceeding necessitates the creation and use of certain specialized rules to properly deal with it.[4]

■ Our holding that an *in rem* admiralty proceeding to foreclose a preferred ship mortgage is not subject to state procedures under Rule 69(a) does not conflict with *Travelers.* Whether state procedures require a levy or seizure will always need to be considered in determining the propriety of awarding a commission prescribed in § 1921. But state procedures have no effect on *in rem* admiralty proceedings which lie within the exclusive jurisdiction of the federal courts. Section 1921 requires a seizure in admiralty and whether Washington state law requires a levy or seizure is inconsequential since the foreclosure was an admiralty proceeding. Nothing in § 1921's legislative history convinces us that Congress intended to equate *in rem* admiralty proceedings with seizing or levying on property for purposes of the computation of marshals' commissions under § 1921.

■ In this case, the Marshal seized a vessel in admiralty, sold that same vessel, and constructively received and paid over money. All of the prerequisites for a § 1921 commission are satisfied. Accordingly, the award of the district court is affirmed.

---

4. Rule E of the Supplemental Rules for Admiralty and Maritime Claims provides as follows:

(9) Disposition of Property; Sales.

(a) *Actions for Forfeitures.* In any action in rem to enforce a forfeiture for violation of a statute of the United States the property shall be disposed of as provided by statute.

(b) *Interlocutory Sales.*

  *   *   *   *   *   *

(c) *Sales; Proceeds.* All sales of property shall be made by the marshal or his deputy, or other proper officer assigned by the court where the marshal is a party in interest; and the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law.