778 F.2d 194
 1986 A.M.C. 1197
 TRANSAMERICA ICS, INC.; CTI-Container Leasing Corporation;
Continental Illinois National Bank & Trust Company of
Chicago; National Westminster Bank USA (formerly National
Bank of North America) and Banque de la Societe Financiere
Europpenne, Plaintiffs,
and
T. Smith & Son, Inc. and Crescent Towing & Salvage Co.,
Inc.; Palmetto Shipping & Stevedoring Company, Inc. and
Palmetto Stevedoring of Georgia; James L. Hewitt and
William H. Rattenbury and Roger E. Donegan and Association
of Maryland Pilots; Texaco International Trader, Inc.; A.
E. Braendly and R. E. Cox and B. J. Mercereau and E. F.
Sweeney, Jr. and J. D. Hasson and James McIntyre and New
Jersey Sandy Hook Pilots Benevolent Assoc. and New York
Sandy Hook Pilots Benevolent Assoc.; The Hartford Insurance
Company, A. I. Marine Adjusters, Inc., Toplis & Harding,
Inc., Fireman's Fund Insurance Companies and W. Cox & Co.,
Recoveries, Ltd.; Atlantic Towing Company; Marine
Contracting & Towing Company and Charleston Marine Docking
Masters; Charleston Line Handling Corporation; and World
Shipping, Inc., Intervening Plaintiffs,
and
Morgan Guaranty Trust Company of New York, Appellee,
v.
M/V HELLENIC SUN, her engines, tackle, apparel, etc. and
Hellenic Lines, Limited, Defendants.
In re UNITED STATES of America on behalf of the UNITED
STATES MARSHALS SERVICE, Appellant.
 No. 84-2220.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 10, 1985.
Decided Dec. 2, 1985.
 
 David V. Hutchinson, Sr. Admiralty Counsel, Torts Branch, Civil Div., U.S. Dept. of Justice (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellant.
 James A. Johnson and William R. Dorsey, III (Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellee.
 Before MURNAGHAN, CHAPMAN and SNEEDEN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 This case arises from a dispute between Morgan Guaranty Trust Co. of New York (Morgan) and the United States over the amount of the United States Marshal's commission on the sale of a container ship. The district court held that 28 U.S.C. Sec. 1921, which fixes the commission at a percentage of the sale price, is so modified by 28 U.S.C. Sec. 1920 that the district court may exercise discretion over the amount of the commission. Having so read the law, the district court reduced the Marshal's commission below the amount prescribed by Sec. 1921, and the United States appeals. Finding no discretion over the amount of the Marshal's commission, we reverse.
 
 
 2
 * In November 1983, Morgan and other creditors of Hellenic Lines, Ltd. began an in rem proceeding against the M/V Hellenic Sun in the United States District Court for the District of Maryland. After the ship was arrested by the United States Marshal, Morgan moved for the interlocutory sale of the vessel. The motion was granted. In its order, the court directed the United States Marshal to sell the ship at public auction for not less than $4,000,000. The marshal was directed to secure the services of a professional ship broker to advertise this sale and actually conduct the auction. The court also ordered the marshal to employ a local ship's agent, Ramsay, Scarlett & Co., to act as the marshal's agent, and in that capacity to preserve the vessel, handle the cargo and collect the freights. At auction, Morgan's bid of $4,000,000.00 was the only bid received.
 
 
 3
 After the sale, the marshal applied to the court for a commission of $40,015, which he claimed was due him under 28 U.S.C. Sec. 1921. The relevant parts of that statute provide:
 
 
 4
 Only the following fees of United States marshals shall be collected and taxed as costs, except as otherwise provided:
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 For seizing or levying on property (including seizures in admiralty), disposing of the same by sale, setoff, or otherwise and receiving and paying over money, commissions of 3 per centum on the first $1,000 of the amounts collected and 1- 1/2 per centum on the excess of any sum over $1,000.... In all cases in which the vessel or other property is sold by a public auctioneer, or by some party other than the marshal or his deputy, the commission herein authorized to be paid to the marshal shall be reduced by the amount paid to said auctioneer or other party;
 
 
 8
 The marshal applied this statutory formula to the sales price of $4,000,000.00, yielding a commission of $60,015.00. The marshal subtracted the amount of the auctioneer's fee, $20,000.00, from the commission, as required by the statute, leaving $40,015.00.
 
 
 9
 Morgan moved to have the commission reduced to $8,000 on the ground that the sum sought by the marshal was so high as to be inequitable. The marshal took the position that his commission was fixed by Sec. 1921 and could not be reduced by the court. Morgan asserted that 28 U.S.C. Sec. 1920 so modified Sec. 1921 as to give the court discretion over the amount of the commission. The district court agreed and reduced the marshal's commission to $12,529. The court reached this figure by ordering Ramsay, Scarlett & Co.'s fee to be paid out of the marshal's commission. Properly, Ramsey, Scarlett & Co.'s agency fee would be an administrative expense to be paid from the proceeds of the sale and not from the marshal's commission. The United States appeals.
 
 II
 
 10
 The question presented is simple: Whether the district court has discretionary authority to modify a marshal's commission prescribed by 28 U.S.C. Sec. 1921. We hold that it does not.
 
 
 11
 Morgan urges that Sec. 1921 be construed in concert with Sec. 1920, so as to permit the discretionary language in Sec. 1920 to modify Sec. 1921. Section 1920 reads as follows:
 
 
 12
 A judge or clerk of any court of the United States may tax as costs the following:
 
 
 13
 (1) Fees of the clerk and marshal;
 
 
 14
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 
 
 15
 (3) Fees and disbursements for printing and witnesses;
 
 
 16
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 
 
 17
 (5) Docket fees under section 1923 of this title.A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. June 25, 1948, c. 646, 62 Stat. 955.
 
 
 18
 The district court, relying on precedent within the district, Universal Maritime Services Corp. v. M/V Fontenoy, 1980 A.M.C. 1645 (D.Md.1980), was willing to read the discretionary language of Sec. 1920 into Sec. 1921. We are not.
 
 
 19
 There is no ambiguity in Sec. 1921; its language is clear and its meaning precise. Where the terms of a statute are unambiguous, judicial inquiry is complete, except in rare or exceptional circumstances. Rubin v. U. S., 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981). No such circumstances are present here.
 
 
 20
 The marshal's commissions reimburse the federal government for the services rendered to private litigants by the United States Marshals. Section 1921 is intended to provide a uniform method of computing those commissions. Coast Engine and Equipment v. C. Harvester, Inc., 641 F.2d 723 (9th Cir.1981). This principle of uniformity, which Congress seeks to establish through Sec. 1921, cannot survive the exercise of judicial discretion. No longer would there be one method for computing these commissions, for each district would have its own formula and each judge his own criteria. Particularly in admiralty, with its special need of uniformity, such deviation from congressional design would be ill advised.
 
 
 21
 For these reasons we reverse and remand to the district court so that it may enter an order awarding the United States Marshal a commission of $40,015.00.
 
 
 22
 REVERSED AND REMANDED.