797 F.2d 772
 1987 A.M.C. 1777
 BANK OF AMERICA, Plaintiff/Appellee,
and
Tuna Clipper, Plaintiff in Intervention/Appellee,
v.
M/V EXECUTIVE, Official No. 650277, her engines, tackle,
furniture and appurtenances; M.V. Executive,
Inc., a California corporation,
Defendants/Appellees,
v.
UNITED STATES MARSHAL FOR the SOUTHERN DISTRICT OF
CALIFORNIA AND the UNITED STATES of America,
Claimant/Appellant.
 No. 85-6046.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 10, 1986.
Decided Aug. 18, 1986.
 
 L.B. Chip Edleson, Gray, Cary, Ames & Frye, L. Adam Weiner, Finley, Kumble, Wagner, et al., David Tiffany, Michael R. Adkins, Adkins, Fuhrman & Holthaus, San Diego, Cal., for plaintiff/appellee.
 Phillip A. Berns, San Francisco, Cal., for claimant/appellant.
 Appeal from the United States District Court for the Southern District of California.
 Before HUG, FLETCHER, Circuit Judges, and GEORGE,* District Judge.
 PER CURIAM:
 
 
 1
 The United States Marshal appeals the District Court Order awarding the Marshal only a $500 commission for his role in the foreclosure sale of the M/V Executive. The Marshal contends he is entitled to a full percentage commission under 28 U.S.C. Sec. 1921, and that the District Court did not have discretion to reduce the commission. We agree and, accordingly, reverse the District Court.
 
 I.
 
 2
 In September 1984, plaintiff Bank of America filed a complaint to foreclose a preferred ship mortgage on defendant vessel M/V Executive. The United States Marshal arrested the vessel, and a sale, to be conducted by the United States Magistrate, was scheduled. The sale was held and Bank of America successfully bid on the vessel.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1921, the Marshal calculated his commission to be $13,515. However, in a stipulation for dismissal and order signed by all parties, not including the Marshal, the parties recommended that the Marshal's commission be reduced to $500. Despite the Marshal's opposition to such a plan, the Magistrate concluded that the Marshal had not satisfied the three requirements of Sec. 1921, and recommended that the Marshal be allowed a commission of only $500. Following a hearing on the issue, the District Court accepted the Magistrate's recommendation. The Marshal timely appealed.
 
 II.
 
 4
 We first address the Marshal's standing to appeal the district court's decision. Generally, persons who were not parties before the district court may not appeal that court's order. United States v. Conforte (In re Proceedings Before the Federal Grand Jury), 643 F.2d 641, 643 (9th Cir.1981). There is an exception to this rule, however, where (1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal. Id.
 
 
 5
 In the case at bar, the Marshal did participate in the proceedings before the Magistrate and the district court, filing papers and being heard at oral argument. Furthermore, the equities weigh in favor of hearing the Marshal's appeal because this is the only avenue to obtain appellate review of the issue. We note that at least one other circuit has permitted the Marshal to appeal a district court order reducing the Marshal's commission, albeit without addressing the standing issue. See Transamerica ICS, Inc. v. M/V Hellenic Sun, 778 F.2d 194, 195 (4th Cir.1985). We accordingly conclude the Marshal has standing to appeal in this case.
 
 III.
 
 6
 Two issues are raised on appeal. The Court must first determine whether a United States Marshal is entitled to a percentage commission under 28 U.S.C. Sec. 1921 if a United States Magistrate, not the Marshal, conducts the sale. Second, the Court must decide if a district court has discretion to disregard the statutory formula in Sec. 1921 and then recompute the Marshal's commission as the district court deems appropriate under the circumstances. These issues involve questions of statutory construction and are, therefore, reviewable de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 IV.
 
 7
 Despite the explicit language of Supplemental Admiralty Rule E(9)(c), Fed.R.Civ.P., stating that "[a]ll sales ... shall be made by the marshal," the Magistrate reserved to himself the authority to conduct the sale. It was on this basis that he held the sale not to be a "marshal's sale," leaving the amount of the Marshal's fee to the discretion of the court. During the hearing regarding the Marshal's commission, the Magistrate stated:
 
 
 8
 I think the Court is justified in not awarding a commission when it, itself, conducts the sale and when the parties have themselves conducted all the necessary precedents to the sale such as mailing out notice and advertising and, in effect, eliminating the marshal from any role in that sale process.
 
 
 9
 During the hearing before the district court, the District Judge commented:
 
 
 10
 [O]ne of the reasons, as I understand it, that this case was handled in the manner it was, was an intent to keep expenses down to the parties.
 
 
 11
 The District Court concluded therefore that if the court chooses to sell the vessel without involving the Marshal, it is not a Marshal's sale and the Marshal is not entitled to a percentage commission. This Court, however, finds no room in either the statute or rule for the Magistrate to preclude the Marshal from selling the vessel simply to avoid payment of the Marshal's fee. Neither Rule E(9)(c) nor Sec. 1921 permits such a conclusion.
 
 
 12
 In this case, the Marshal seized the vessel and received and paid over money in accordance with two of the three requirements of Sec. 1921. See Coast Engine and Equipment Corp. v. Sea Harvester, Inc., 641 F.2d 723, 727 (9th Cir.1981). Only the question of whether the Marshal disposed of the vessel by sale, setoff, or otherwise, is in doubt. The Court finds that the Marshal constructively participated in and held the sale by and through the Magistrate. Such a finding comports with the language and intent of Rule E(9)(c), which mandates that such sales be completed by the Marshal, not the Magistrate. Accordingly, the Court finds that the Magistrate's sale of a vessel, under these circumstances, is a Marshal's sale entitling him to a percentage commission under Sec. 1921.
 
 
 13
 The dispute on appeal is not between the original parties to the foreclosure action. Those parties, the Bank of America and the M/V Executive, the foreclosed vessel, argue that the district court's action was proper. Instead, this appeal is between those parties and the United States Marshal who contends the district court improperly reduced his statutory commission.
 
 
 14
 The parties to the original sale argue on appeal that 28 U.S.C. Sec. 1920 affords a court discretion to allow or disallow the Marshal's statutory commission under Sec. 1921 if the court conducts the sale itself as was done here. By contrast, the Marshal contends his full percentage commission is mandatory if Sec. 1921 is read in conjunction with Supplemental Admiralty Rule E(9)(c). He further argues that Sec. 1920 relates solely to the allocation of costs between parties to an action and does not affect the Marshal's entitlement to his commission.
 
 
 15
 We agree with the Marshal's position. The language of Rule E(9)(c), coupled with Sec. 1921, mandates such a conclusion. Indeed, the United States Court of Appeals for the Fourth Circuit, considering this very issue, held that the discretionary language of Sec. 1920 has no effect on Sec. 1921. Transamerica ICS, Inc. v. M/V Hellenic Sun, 778 F.2d 194, 195-96 (4th Cir.1985). That court rejected the reasoning of the parties here and stated:
 
 
 16
 There is no ambiguity in Sec. 1921; its language is clear and its meaning precise....
 
 
 17
 ... Section 1921 is intended to provide a uniform method of computing those commissions. This principle of uniformity, which Congress seeks to establish through Sec. 1921, cannot survive the exercise of judicial discretion.
 
 
 18
 Id. at 196 (citation omitted).
 
 
 19
 The Fourth Circuit's reasoning is persuasive. The formula set out in Sec. 1921 would have little meaning if every court retained unfettered discretion to adjust the commission as it saw fit. See Coast Engine, 641 F.2d at 727 ("The purpose of the [1962] amendment [to Sec. 1921] was to institute a uniform method of computing commissions for all marshals' services.") The parties to an admiralty foreclosure action would always argue under Sec. 1920 for a reduction of the Marshal's commission, and courts perpetually would be embroiled in assessments of the benefits and hourly worth of tasks performed by the Marshal. Section 1921 indicates Congress' clear intent to determine the Marshal's commission based on the price of the vessel, not on the time spent by the Marshal. Individual courts lack the discretion to disrupt this Congressionally-mandated schedule. If a change in this process is warranted, Congress, not the courts, must make it.
 
 
 20
 For these reasons, the District Court decision, awarding the Marshal $500 for his services, is reversed. The action is remanded to the District Court with directions to recompute the Marshal's commission in accordance with this Opinion and based on a percentage price of the vessel. IT IS SO ORDERED.
 
 
 21
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation