**CENTENNIAL BANK, Plaintiff,**

v.

**James T. RODDENBERRY et al., Defendants.**

**Case No. 4:11CV369–RH/WCS.**

United States District Court, N.D. Florida, Tallahassee Division.

Aug. 23, 2012.

Stephen Anthony Pitre, Megan Fortson Fry, Clark Partington Hart etc., Pensacola, FL, for Plaintiff.

### ORDER DENYING THE MOTION TO REDUCE THE MARSHAL'S FEE

ROBERT L. HINKLE, District Judge.

This case presents a dispute over the United States Marshal's fee for conducting a foreclosure sale. The governing statute provides for a fee calculated as a percentage of the amount "collected" from the sale. The issue is this: when the creditor successfully bids a nominal amount from its underlying judgment, so that no funds are actually paid or collected, is the Marshal's fee a percentage of the nominal amount (as the plaintiff contends) or a

percentage of the lesser of the judgment amount and the property's assessed value (as the Marshal contends)? This order upholds the Marshal's position.

## I

The plaintiff held notes secured by two mortgages and filed this action to foreclose both. But the plaintiff challenges the Marshal's fee for only one of the foreclosure sales. On that note and mortgage, the plaintiff obtained a judgment for $123,964.17. The judgment directed the Marshal to conduct a foreclosure sale unless the amount due was paid before the sale began. The judgment required the successful bidder to immediately pay 10% of the bid price by certified or cashier's check and to pay the balance by certified or cashier's check within 24 hours after the sale. But the judgment exempted the plaintiff from these requirements; the plaintiff could bid and receive credit on the bid for up to the judgment amount. The plaintiff thus was required to pay by certified or cashier's check only any portion of the bid price that exceeded the judgment amount.

The Marshal duly conducted a foreclosure sale. The plaintiff was the only bidder. It bid $100. The Marshal filed a report of the sale showing his fee as $1,874.46. This was the statutory percentage applied to the judgment amount.

The plaintiff has moved to modify the Marshal's report of the sale. The motion asserts that the statutory percentage should be applied to the $100 bid price, not to the judgment amount, and that the fee thus should be the Marshal's minimum fee of $100. The Marshal opposes the motion.

## II

The governing statute provides in relevant part:

> The United States Marshals Service shall collect a commission of 3 percent of the first $1,000 collected and 1 1/2 percent on the excess of any sum over $1,000, for seizing or levying on property (including seizures in admiralty), disposing of such property by sale, setoff, or otherwise, and receiving and paying over money, except that the amount of commission shall be within the range set by the Attorney General.

28 U.S.C. § 1921(c)(1). The "range set by the Attorney General" has a minimum fee of $100.

The Marshals Service has adopted a policy addressing the application of the statute to a credit bid of the kind involved here. The policy provides:

> A credit bid submitted by judgment creditor constitutes "receipt and pay over of money" within the meaning of 28 USC 1921; thus, a judgment creditor will generally be liable for paying the U.S. Marshal's statutory commission when a credit bid is submitted at a USMS sale. In some cases (commonly in private mortgage foreclosure actions), a judgment creditor may submit a credit bid of a nominal sum, such as $1.00, in an attempt to avoid payment of the U.S. Marshal's commission. In such a case, the U.S. Marshal's commission should be calculated on the basis of the amount of the judgment lien or, if established, the appraised value of the property under levy, whichever is smaller. For example, if a creditor holding a $1 million dollar judgment directs the U.S. Marshal to execute a levy on a parcel of real estate worth $500,000.00, and the judgment creditor submits a credit bid of "$1.00 plus costs," the U.S. Marshal commission should be based on $500,000.00, which amounts to $7,515.00.

USMS Policy Directive 11.1., Fees, Expenses, and Commissions.

Here the judgment amount was less than the property's appraised value. The

parties agree that the correct fee—if, as the policy provides, the statutory percentage is properly applied to the judgment amount—is $1,874.46. The parties agree that otherwise the correct fee is the $100 minimum.

### III

■ It has long been the accepted practice that a mortgage holder may bid in its judgment at a foreclosure sale. When a judgment exceeds the property's value, the mortgage holder is often the successful bidder. Indeed, in many such cases, there are no other bidders at all. It happens frequently that a mortgage holder bids a nominal amount—perhaps $100—and, when nobody else bids, obtains the property based on that bid. That is what happened here.

The Marshals Service's policy, as quoted above, suggests that a mortgage holder makes such a nominal bid "in an attempt to avoid payment of" the Marshal's fee. But if that is a reason for the practice at all, it is surely not the only reason. In many or perhaps most cases, a more important reason for making a nominal bid is to avoid prejudice to the mortgage holder's position in seeking a deficiency judgment. The nominal bid leaves open all the mortgage holder's options.

■ Whatever the reason for the nominal bid, one thing is clear beyond question: the amount of a nominal bid is a meaningless number divorced from anything of substance. And so, for example, a mortgage holder who seeks a deficiency judgment is not entitled to the amount of the debt reduced only by the amount of the nominal bid. To the contrary, a deficiency judgment can properly be entered only for the amount of the debt reduced by the property's net value as delivered to the mortgage holder. See, e.g., Gelfert v. National City Bank of New York, 313 U.S. 221, 61 S.Ct. 898, 85 L.Ed. 1299 (1941);

Norwest Bank Owatonna, N.A. v. Millard, 522 So.2d 546 (Fla. 4th DCA 1988).

■ Just as the nominal bid has no role in setting the amount of a deficiency judgment, it has no proper role in setting the Marshal's fee. Congress plainly intended the fee to vary with the size of the transaction—a consideration wholly unrelated to the amount of a nominal bid. Allowing the nominal bid to control the fee would be contrary to statute's intent.

■■ Allowing the nominal bid to control the fee also would be contrary to the statute's language. The statute calls for a fee of the stated percentage applied to the amount "collected" from the sale. When a third party buys at a foreclosure sale and pays by certified or cashier's check, the mortgage holder "collects" the amount of the check. But when the mortgage holder successfully bids only a nominal portion of its judgment, the mortgage holder "collects" the property. It does not "collect" the meaningless nominal figure that is never actually paid or collected by anyone.

■ In short, when a mortgage holder makes a nominal bid from the amount of its judgment, a proper reading of the statute calls for the Marshal's statutory percentage fee to be calculated based on the lesser of the judgment amount or the property's value. This makes it unnecessary to address the issue—vigorously contested by the parties—of the weight properly afforded the Marshal's policy. See, e.g., Skidmore v. Swift, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) (addressing the weight properly afforded similar policies).

The weight of authority supports this result. See Small Business Loan Source, Inc. v. F/V St. Mary II, 361 F.Supp.2d 570, 575 (E.D.La.2005); Small Business Loan Source, Inc. v. F/V MISS KAITLIN, 2004 WL 2009278 (E.D.La. Sept.8, 2004);

*Caterpillar Fin. Servs. Corp. v. Mr. C II,* 2003 WL 22038378 (E.D.La. Aug. 19, 2003); *State Mutual Life Assurance Co. of America v. North Hotel Associates,* 1991 WL 114600, *3 (E.D.Pa. June 20, 1991); *The Cesare Augusto,* 39 F.Supp. 751, 752 (N.D.Cal.1941). *But see Stone Investment, LLC v. I.S. Indus., Inc.,* 2002 WL 32349887, *1 (E.D.Pa. July 17, 2002).

## IV

For these reasons,

IT IS ORDERED:

The motion, ECF No. 53, to modify the Marshal's report to reduce his fee is DENIED.